UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-711 (RMC) |
| U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The Association of Administrative Law Judges ("AALJ"), seven administrative law judges, and three attorneys (collectively "Plaintiffs") filed a five count Second Amended Complaint[1] against the U.S. Office of Personnel Management and its director, Linda Springer (collectively "OPM"). OPM moves to dismiss alleging that the claims are not justiciable due to lack of standing and ripeness. As explained below, the motion to dismiss will be granted in part and denied in part.

### I.  FACTS

In Counts I, II, and III of the Second Amended Complaint, Plaintiffs challenge a Final Rule, 5 C.F.R. § 930.204(b), which requires sitting administrative law judges ("ALJs") to maintain in at least one jurisdiction an "active"[2] bar membership. Count IV sets forth a challenge to 5 C.F.R.

---

[1] Plaintiffs filed the original complaint on April 18, 2007, and June 14, 2007, Plaintiffs amended as of right prior to OPM's filing a response. Then, Plaintiffs moved to file a Second Amended Complaint. On July 31, 2007, the Court granted the motion as unopposed.

[2] The level required may be termed "active," "judicial," or "good standing," depending on the rules of each jurisdiction.

§ 930.201(f)(2), the new regulation authorizing federal agencies that employ ALJs to assign cases "in rotation so far as practicable." Count V challenges OPM's issuance of a Vacancy Announcement and Notice of Examination as arbitrary and capricious under § 706 of the Administrative Procedure Act ("APA").

OPM seeks dismissal of this case, asserting that Plaintiffs lack standing to bring Counts I, II, III, and V and that Count IV is not ripe. Plaintiffs oppose.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). No action of the parties can confer subject matter jurisdiction upon a federal court because subject matter jurisdiction is an Article III as well as a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Moreover, a court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. Standing

A plaintiff's standing under Article III of the United States Constitution must be determined in order to establish the jurisdiction of the Court to hear the case and reach the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998); *Grand Council of the Crees v. FERC*, 198 F.3d 950, 954 (D.C. Cir. 2000). "Standing focuses on the complaining party to determine 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Am. Legal Found. v. FCC*, 808 F.2d 84, 88 (D.C. Cir. 1987) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To have Article III standing, a plaintiff must establish: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The injury alleged cannot be conjectural, hypothetical, remote, speculative or abstract; it must have occurred or be certainly impending. *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996).

### C. Ripeness

In addition to the standing requirement, jurisdiction requires that a claim be ripe for decision. Under the Constitution, federal courts are limited to deciding "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). To show that a claim is ripe, a plaintiff must demonstrate (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties caused by withholding court consideration. *Nat'l Treasury Employees Union v. Chertoff*, 452 F.3d

3

839, 854 (D.C. Cir. 2006) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). A claim "is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). By requiring that claims be ripe before adjudicating them, courts promote judicial economy, avoid becoming entangled in abstract disputes, and ensure a record adequate to support an informed decision when a case is heard. *Abbott Labs.*, 387 U.S. at 149.

### III. ANALYSIS

#### A. Counts I, II, and III

OPM asserts that Plaintiffs lack standing to bring Counts I, II, and III, which challenge a Final Rule, 5 C.F.R. § 930.204(b), that requires sitting administrative law judges ("ALJs") maintain an "active" bar membership. While these Counts fail to identify any individual Plaintiff who let his/her active bar membership lapse and thus who would be burdened by the new rule, in response to OPM's motion to dismiss Plaintiffs filed declarations indicating that some of them are not in compliance with the new rule and will be burdened by its implementation. *See* Pls.' Opp'n to Def.'s Mot. to Dismiss [Dkt. #15] (Pls.' Opp'n) at 17-18. As this case is in its early stages and no prejudice would be caused by an amendment to the Complaint, Plaintiffs are directed to file a third amended complaint setting forth allegations supporting standing to assert Counts I, II, and III. *See* Fed. R. Civ. P. 15(a) (party may amend by leave of court; leave freely given when justice so requires).

#### B. Count IV

Count IV challenges 5 C.F.R. § 930.201(f)(2), the regulation authorizing federal

agencies that employ ALJs to assign cases "in rotation so far as practicable." Plaintiffs allege that this new regulation "transform[s] a mandatory statutory requirement of OPM [under 5 U.S.C. § 3105] into discretionary agency authority." Plaintiffs contend that, as a result, the ALJs' "independence is threatened" and they will hold their jobs on "less attractive terms." Pls.' Opp'n at 19.

Count IV is not ripe for decision. Whether the asserted injury — harm to the ALJs' independence and holding their jobs "on less attractive terms" — will ever occur is speculative and dependent upon future actions that may or may not be taken by agencies that employ ALJs. *See Texas*, 523 U.S. at 300. Because Count IV is not ripe, it will be dismissed.

### C. Count V

OPM also seeks to dismiss Count V of the Second Amended Complaint, which challenges OPM's issuance of a Vacancy Announcement and Notice of Examination and OPM's advance notice to agencies of such Vacancy Announcement as arbitrary and capricious. Count V alleges that OPM should not have deleted from its Final Rule references to ALJ Announcement 318, which set out the qualification standards for ALJs and described various aspects of the ALJ program including the testing process, and that OPM should not have removed the ALJ examination and selection process from the rule-making process without evidence that the new ALJ Qualification Standard was "professionally developed." 2d Am. Compl. ¶¶ 84-86. These changes allegedly deprived the "public of transparency" and failed to ensure that the selection process would not improperly favor federal agency attorneys over other qualified attorneys in private practice. *Id*. ¶¶ 85-87. Plaintiffs also allege that OPM's advance notice to agencies gave preferential treatment to agency lawyers in the application process. *Id*. ¶¶ 91-99.

OPM argues that Plaintiffs do not have standing because they failed to allege that they plan to apply for administrative law judgeships in the future. In response, Plaintiffs filed declarations indicating that the three private practice attorneys named as plaintiffs here would reapply for ALJ positions if the application period were reopened. Again, at this early juncture there is no prejudice to OPM to permit Plaintiffs to amend the complaint. Accordingly, Plaintiffs are directed to include in a third amended complaint allegations supporting standing to assert Count V.[3]

## IV. CONCLUSION

For the reasons explained above, Defendants' motion to dismiss [Dkt. #11] will be denied in part and granted in part. Plaintiffs shall file a Third Amended Complaint setting forth allegations supporting standing to bring Counts I, II, III, and V. Count IV is dismissed as not ripe. A memorializing order accompanies this Memorandum Opinion.

Date:  February 7, 2008                     /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge

---

[3] OPM also argues that Plaintiffs failed to demonstrate standing because their prayer for relief requests that the Court set aside the Vacancy Announcement, and that merely setting the Vacancy Announcement aside would not redress Plaintiffs' injury. This argument lacks merit as the prayer for relief in the Second Amended Complaint includes a catch-all request for "such other and further relief as the Court deems just and equitable." If Plaintiffs prevail, the Court can fashion a remedy for redress of the injury Plaintiffs allege here.