**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| | ) Civil No. 07cv00711 (RMC) |
| v. | ) ) |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants United States Office of Personnel Management ("OPM") and Linda M. Springer, the Director of OPM, through undersigned counsel, hereby respond to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

**FIRST DEFENSE**

As to some or all of the claims asserted in this action, Plaintiffs fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

As to some or all of the claims asserted in this action, the Court lacks subject matter jurisdiction.

**THIRD DEFENSE**

As to some or all of the claims asserted in this action, Plaintiffs have failed to adequately exhaust all applicable administrative remedies.

**FOURTH DEFENSE**

In response to the numbered paragraphs of the Complaint, Defendants answer as follows:

1.      The allegations in the first sentence of Paragraph 1 comprise Plaintiffs' characterizations of their case, to which no response is required.  The allegations in the second through eighth sentences of Paragraph 1 comprise conclusions of law, argument, and Plaintiffs' opinions, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

2.      Defendants deny the allegations in the first sentence of Paragraph 2, except Defendants admit that OPM issued a Vacancy Announcement and Notice of Examination regarding administrative law judge positions.  The allegations in the second and third sentences of Paragraph 2 comprise conclusions of law, argument, and Plaintiffs' opinions, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

3.      The allegations in the first sentence of Paragraph 3 comprise Plaintiffs' characterizations of their case, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.  The allegations in the second sentence of Paragraph 3 purport to characterize the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"), to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. § 701 et seq. for a full and accurate statement of their contents, and Defendants otherwise deny those allegations.  The allegations in the third sentence of Paragraph 3 comprise conclusions of law and jurisdictional averments, to which no response is required. Insofar as a response is deemed required, Defendants deny those allegations.

2

4.     The allegations in Paragraph 4 comprise conclusions of law and jurisdictional averments, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

5.     The allegations in Paragraph 5 comprise conclusions of law and averments as to venue, to which no response is required.

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, except that Defendants admit that administrative law judges maintain offices and adjudicate cases in various locations throughout the United States, including this judicial district.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 13.

      14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

      15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

      16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

      17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

      18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

      19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

      20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

      21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

      22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

      23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

      24.    Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29.  The allegations in the second through fourth sentences of Paragraph 29 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to those allegations, except Defendants deny the application submission period closed early and admit that the Vacancy Announcement closed at midnight on May 9, 2007.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31.  The allegations in the second through fourth sentences of Paragraph 31 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or

information sufficient to form a belief as to those allegations, except Defendants deny the application submission period closed early and admit that the Vacancy Announcement closed at midnight on May 9, 2007.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 33.  The allegations in the second through fourth sentences of Paragraph 33 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to those allegations, except Defendants deny the application submission period closed early and admit that the Vacancy Announcement closed at midnight on May 9, 2007.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.    As to the allegations of Paragraph 35, admit.

36.    As to the allegations of Paragraph 36, admit, except Defendants aver that OPM is an independent establishment in the Executive Branch.

37.    The allegations in the first sentence of Paragraph 37 purport to characterize unspecified provisions of the APA, 5 U.S.C. § 701 et seq., to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. § 701 et seq. for a full and accurate statement of their contents, and Defendants otherwise deny those allegations, except Defendants admit that administrative law judges are appointed and

serve pursuant to the APA.   The allegations in the second sentence of Paragraph 37 comprise conclusions of law, to which no response is required.

38.    The allegations in Paragraph 38 purport to characterize 5 C.F.R. § 930 and 12 Fed. Reg. 6321 (Sept. 23, 1947), to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to 5 C.F.R. § 930 and 12 Fed. Reg. 6321 (Sept. 23, 1947) for a full and accurate statement of their contents, and Defendants otherwise deny those allegations, except Defendants admit that the former Civil Service Commission ("CSC") published certain regulations relevant to the administrative law judge program at 12 Fed. Reg. 6321 (Sept. 23, 1947).

39.    The allegations in the first sentence of Paragraph 39 purport to characterize provisions of the Civil Service Reform Act of 1978 ("CSRA"), including 5 U.S.C. §§ 1104(a)(1), 1305, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the CSRA, including 5 U.S.C. §§ 1104(a)(1), 1305, for a full and accurate statement of the contents of those provisions, and Defendants otherwise deny those allegations, except Defendants aver that Congress determines pay rates for administrative law judges and OPM retains the authority to determine pay rate brackets for administrative law judges and administer aspects of the examination process for candidates for the position of administrative law judge.  The allegations in the second sentence of Paragraph 39 comprise conclusions of law and purport to characterize 5 U.S.C. §§ 1305, 7521, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. §§ 1305, 7521, for a full and accurate statement of the contents of those provisions, and Defendants otherwise deny those allegations, except Defendants admit that the Merit Systems

Protection Board ("MSPB") retains responsibility over certain personnel actions relating to

administrative law judges, including certain decisions regarding removal or reduction in pay.

     40.    The allegations in Paragraph 40 purport to quote 5 U.S.C. § 3105, to which no

response is required.  Insofar as a response is deemed required, Defendants respectfully refer the

Court to 5 U.S.C. §3105, for a full and accurate statement of its contents.

     41.    The allegations in the first sentence of Paragraph 41 comprise argument and

Plaintiffs' opinions, to which no response is required.  Insofar as a response is deemed required,

Defendants deny those allegations.  The allegations in the second and third sentences of

Paragraph 41 comprise argument and conclusions of law and purport to characterize 5 U.S.C. §

7521, to which no response is required.  Insofar as a response is deemed required, Defendants

respectfully refer the Court to 5 U.S.C. § 7521, for a full and accurate statement of its contents,

and Defendants otherwise deny those allegations.

     42.    The allegations in the first sentence of Paragraph 42 comprise argument and

conclusions of law and purport to characterize <u>SSA v. Davis</u>, 19 M.S.P.R. 279, 282 (1984), <u>aff'd</u>,

758 F.2d 661 (Fed. Cir. 1984), to which no response is required.  Insofar as a response is deemed

required, Defendants respectfully refer the Court to <u>SSA v. Davis</u>, 19 M.S.P.R. 279, 282, for a

full and accurate statement of its contents, and Defendants otherwise deny those allegations.  The

allegations in the second sentence of Paragraph 42 comprise argument and conclusions of law

and purport to characterize Michael Asimow, <u>A Guide to Federal Agency Adjudication</u> (2003),

to which no response is required.  Insofar as a response is deemed required, Defendants

respectfully refer the Court to Michael Asimow, <u>A Guide to Federal Agency Adjudication</u>

(2003), for a full and accurate statement of its contents, and Defendants otherwise deny those

allegations.  The allegations in the third and fourth sentences of Paragraph 42 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

43.    The allegations in Paragraph 43 purport to characterize and quote <u>Butz v. Economou</u>, 438 U.S. 478, 513-14 (1978), to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to <u>Butz v. Economou</u>, 438 U.S. at 513-14, for a full and accurate statement of its contents.

44.    The allegations in the first sentence of Paragraph 44 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.  The allegations in the second sentence of Paragraph 44 comprise argument and conclusions of law and purport to characterize <u>Nash v. Califano</u>, 613 F.2d 10, 20 (2nd Cir. 1980), to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to <u>Nash v. Califano</u>, 613 F.2d at 20, for a full and accurate statement of its contents, and otherwise deny those allegations.  The allegations in the third through fifth sentences of Paragraph 44 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

45.    The allegations in the first and second sentences of Paragraph 45 relate to specified and unspecified parties other than Defendants, and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of those allegations, except Defendants admit that the Office of Government Ethics ("OGE"), formerly a part of OPM but now an independent entity of the Executive Branch, has established standards of conduct for federal

employees, and that individual agencies may supplement standards of conduct for their employees and specify training for administrative law judges. The allegations in the third through fifth sentences of Paragraph 45 comprise argument and opinion and purport to characterize and quote a publication of the Social Security Administration ("SSA") titled ALJ Administrative Handbook, SSA, OHA, SSA Pub. No. 70-045 (May 1994), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the referenced edition of SSA's ALJ Administrative Handbook, for a full and accurate statement of its contents, and otherwise deny the allegations.

46.     The allegations in the first and third sentences of Paragraph 46 purport to characterize and quote Canon 4(G) of the Code of Judicial Conduct, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to Canon 4(G) of the Code of Judicial Conduct, for a full and accurate statement of its contents, and otherwise deny those allegations. The allegations in the second sentence of Paragraph 46 comprise argument and conclusions of law and purport to characterize the MSPB decision issued as In the Matter of Chocallo, 1 M.S.P.R. 605 (1978), aff'd, 1 M.S.P.R. 612 (1980), to which no response is deemed required. Insofar as a response is deemed required, Defendants respectfully refer the Court to In the Matter of Chocallo, 1 M.S.P.R. 605 (1978), aff'd, 1 M.S.P.R. 612 (1980), for a full and accurate statement of its contents, and otherwise deny those allegations. The allegations in the third sentence of Paragraph 46 comprise argument and conclusions of law and purports to characterize the ABA Code of Judicial Conduct, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the ABA Code of Judicial Conduct for a full and accurate statement of its contents, and otherwise

10

deny those allegations.

47.     The allegations in the first and second sentences of Paragraph 47 comprise argument and conclusions of law and purport to characterize unspecified provisions of the APA CSRA, and OPM regulations promulgated under the APA, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the APA, CSRA, and any OPM regulations promulgated under the APA for full and accurate statements of their contents, and otherwise deny those allegations. The allegations in the third sentence of Paragraph 47 comprise argument and conclusions of law and purport to characterize unspecified provisions and editions of SSA's ALJ Administrative Handbook, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to current and previous editions of SSA's ALJ Administrative Handbook, for a full and accurate statement of its contents, and otherwise deny those allegations.

48.     The allegations in the first and second sentences of Paragraph 48 purport to characterize a January 9, 1989, Memorandum written by James R. Rucker, Jr., then-Chief Administrative Law Judge for SSA ("Rucker Memorandum"), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Rucker Memorandum, for a full and accurate statement of its contents, and Defendants otherwise deny those allegations. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 48.

49.     As to the allegations in the first sentence of Paragraph 49, admit. The allegations in the second sentence of Paragraph 49 purport to characterize a Position Description applicable to Administrative Law Judges appointed by the SSA approved by OPM on or about August 11,

11

1994, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the referenced Position Description, for a full and accurate statement of its contents, and otherwise deny those allegations.

50.    The allegations in Paragraph 50 comprise argument and purport to characterize a 1998 letter written by Rhoda Lawrence, at that time an OPM Assistant General Counsel, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the referenced letter for a full and accurate statement of its contents, and otherwise deny those allegations.

51.    The allegations in Paragraph 51 comprise argument and conclusions of law and purport to characterize an electronic mail ostensibly written and transmitted by OPM employee Armando Rodriguez on May 12, 2000, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the referenced electronic mail, for a full and accurate statement of its contents, and otherwise deny the allegations.

52.    The allegations in Paragraph 52 comprise argument, opinion, and conclusions of law and purport to characterize a draft letter dated July 12, 2000, and allegedly written by a former OPM employee, R. Christina Espinosa-Ross, who was incorrectly identified as Deputy Director of OPM, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the July 12, 2000, draft letter allegedly written by Ms. Espinosa-Ross, for a full and accurate statement of its contents, and otherwise deny the allegations.

53.    Defendants lack knowledge or information sufficient to admit or deny the allegations in the first through third sentences of Paragraph 53.   Defendants deny the allegations

12

of the fourth sentence of Paragraph 53.

54.     As to the allegations in Paragraph 54, admit.

55.     The allegations in the first sentence of Paragraph 55 purport to characterize 70 Fed. Reg. 75745 (Dec. 21, 2005), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 70 Fed. Reg. 75745 (Dec. 21, 2005), for a full and accurate statement of its contents. The allegations in the second sentence of Paragraph 55 comprise argument and purport to characterize 70 Fed. Reg. 75745 (Dec. 21, 2005), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 70 Fed. Reg. 75745 (Dec. 21, 2005) for a full and accurate statement of its contents, and otherwise deny those allegations to the extent they state, suggest, or imply that 70 Fed. Reg. 75745 (Dec. 21, 2005) "impose[d]" for the first time the bar licensure requirement for administrative law judges.

56.     As to the allegations in the first sentence of Paragraph 56, admit. The allegations in the second sentence of Paragraph 56 comprise argument and opinion, to which no response is required. Insofar as a response is deemed required, Defendants deny those allegations. The allegations in the third sentence of Paragraph 56 comprise argument, opinion, and conclusions of law, and purport to characterize the Administrative Procedure Act and unspecified OPM rules, regulations, and policy statements, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Administrative Procedure Act and the unspecified referenced OPM rules, regulations, and policy statements, for a full and accurate statement of their contents, and otherwise deny the allegations. The allegations in the fourth sentence of Paragraph 56 comprise argument, opinion, and conclusions of law, and

purport to characterize the American Bar Association Judicial Code of Conduct and unspecified state licensing requirements, to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the American Bar Association Judicial Code of Conduct and the unspecified referenced state licensing requirements for a full and accurate statement of their contents, and otherwise deny the allegations.

57.     As to the allegations in the first sentence of Paragraph 57, admit. The allegations in the second and third sentences of Paragraph 57 comprise argument, opinion, and conclusions of law, and purport to characterize the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72 Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents, and otherwise deny the allegations.

58.     The allegations in Paragraph 58 purport to characterize and quote the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72 Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents.

59.     The allegations in Paragraph 59 purport to characterize and quote the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72 Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents.

60.     The allegations in the first sentence of Paragraph 60 purport to characterize and quote the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72

Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents. The allegations in the second sentence of Paragraph 60 comprise argument and purport to characterize the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72 Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents.

61.    The allegations in Paragraph 61 comprise argument and conclusions of law and purport to characterize the Final Rule published at 72 Fed. Reg. 12947 (March 20, 2007), to which no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to 72 Fed. Reg. 12947 (March 20, 2007), for a full and accurate statement of its contents, and otherwise deny the allegations.

62.    The allegations in the first and second sentences of Paragraph 62 comprise argument and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants deny those allegations.

63.    The allegations in the first sentence of Paragraph 63 comprise argument and opinion, to which no response is required. Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that categories of bar membership vary among states. The allegations in the second sentence of Paragraph 63 comprise argument, opinion, and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that administrative law judges may select "active," "inactive," or "judicial" status in some states. The allegations in the third sentence of Paragraph 63 comprise argument and opinion, to which

no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that the bar rules of the Commonwealth of Virginia limit certain judges as defined by the applicable bar rules to maintaining "judicial" status as such status is defined by the applicable bar rules.  The allegations in the fourth sentence of Paragraph 63 comprise argument and opinion, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that pursuant to the bar rules of some states, judges may select "judicial" status.

64.    The allegations in the first sentence of Paragraph 64 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that in general, "active" status bar members are in good standing and authorized to practice law pursuant to and consistent with state bar rules.  The allegations in the second sentence of Paragraph 64 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

65.    The allegations in the first sentence of Paragraph 65 comprise argument and opinion, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that applicable requirements to maintain active bar membership may vary among states.  The allegations in the second and third sentences of Paragraph 65 comprise

16

argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that some states require "active" bar members to meet requirements that may include the completion of continuing legal education courses, maintenance of client security trust funds, payment of bar dues, and provision of pro bono legal services.  The allegations in the fourth sentence of Paragraph 65 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that some states may waive or reduce the foregoing requirements, insofar as they are imposed as to "active" bar members, for "inactive" or "judicial" bar members.

66.    The allegations in the first sentence of Paragraph 66 comprise argument and opinion, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants admit that some administrative law judges may be assigned to states different than those in which they are bar members.  The allegations in the second and third sentences of Paragraph 66 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants deny that the bar licensure requirement for administrative law judges would create "substantial hardship" for unspecified administrative law judges that may be required to satisfy continuing legal education requirements in their state of licensure.

17

67.     The allegations in first, third, and fourth sentences of Paragraph 67 comprise argument, opinion, and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations in the second sentence of Paragraph 67 comprise argument and opinion, to which no response is required. Insofar as a response is deemed required, Defendants deny those allegations.

68.     The allegations in the first and second sentences of Paragraph 68 comprise argument, opinion, and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants deny those allegations. The allegations in the third through sixth sentences of Paragraph 68 comprise argument and opinion, to which no response is required. Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     The allegations in the first sentence of Paragraph 69 comprise argument and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants admit that incumbent administrative law judges who are out of compliance with the bar licensure requirement for administrative law judges as of the effective date of the Final Rule do not meet a requirement for their position. The allegations in the second sentence of Paragraph 69 comprise argument and conclusions of law, to which no response is required. Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they relate to future scenarios, risk probabilities, or the state of mind of unspecified administrative law judges, except Defendants admit that satisfaction of the bar licensure requirement represents a qualification for the position

18

of administrative law judge.  The allegations in the third sentence of Paragraph 69 comprise

argument and conclusions of law, to which no response is required.  Insofar as a response is

deemed required, Defendants lack knowledge or information sufficient to form a belief as to the

truth of those allegations, in particular as they relate to the state of mind of unspecified

administrative law judges, except Defendants deny the allegations insofar as they imply that

OPM may remove unspecified administrative law judges from their positions for failure to satisfy

the requirements articulated in the Final Rule.

      70.      The allegations in the first sentence of Paragraph 70 comprise argument and

conclusions of law, to which no response is required.  Insofar as a response is deemed required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations as they relate to the abilities or state of mind of unspecified administrative law judges,

except Defendants aver that administrative law judges are required to satisfy the bar licensure

requirement for the administrative law judge position.  The allegations in the second sentence of

Paragraph 70 comprise argument and conclusions of law, to which no response is required.

Insofar as a response is deemed required, Defendants lack knowledge or information sufficient to

form a belief as to the truth of those allegations as they relate to unspecified administrative law

judges.  As to the remainder of the second sentence of Paragraph 70, Defendants deny those

allegations, except Defendants admit that some administrative law judges who maintain

"inactive" or "judicial" bar status may be out of compliance with the bar licensure requirement.

The allegations in the third sentence of Paragraph 70 comprise argument, speculation, and

conclusions of law, to which no response is required.  Insofar as a response is deemed required,

Defendants deny those allegations.

71.    Defendants repeat the answers contained in Paragraphs 1 through 70 above, as though fully set forth here in Paragraph 71.

72.    The allegations in Paragraph 72 comprise conclusions of law, to which no response is required.

73.    Defendants deny the allegations in Paragraph 73 as phrased, except Defendants admit that OPM possesses delegated authority regarding matters including the examination and qualification of attorney applicants for administrative law judge positions.

74.    The allegations in Paragraph 74 comprise conclusions of law, to which no response is required.  Further, to the extent Plaintiffs seek to characterize the regulation and/or the statute, no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

75.    The allegations in Paragraph 75 comprise conclusions of law and purport to characterize the Final Rule, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents, and otherwise deny the allegations.

76.    The allegations in Paragraph 76 comprise conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

77.    Defendants repeat the answers contained in Paragraphs 1 through 76 above, as though fully set forth here in Paragraph 77.

78.    The allegations in Paragraph 78 comprise conclusions of law, to which no response is required.

79.     The allegations in Paragraph 79 purport to characterize the Final Rule, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

80.     Defendants deny the allegations in the first sentence of Paragraph 80.  As to the allegations in the second sentence of Paragraph 80, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations as they relate to the actions and status of unspecified administrative law judges, and Defendants deny the remainder of the allegations contained therein.

81.     Defendants deny the allegations in the first sentence of Paragraph 81.  The allegations in the second through fourth sentences of Paragraph 81 comprise argument, vague generalizations, and conclusions of law, to which no response is required.

82.     The allegations in Paragraph 82 comprise conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

83.     The allegations in Paragraph 83 comprise argument and conclusions of law, to which no response is required.  Further, to the extent Plaintiffs purport to characterize the Final Rule, no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents, and otherwise deny the allegations.

84.     The allegations in the first sentence of Paragraph 84 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants admit that states issue licenses for the practice of law. The allegations in the

21

second through sixth sentences of Paragraph 84 comprise conclusions of law, to which no response is required. Further, to the extent that Plaintiffs purport to characterize the Final Rule, no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. Insofar as a response is deemed required as to the allegations in the second through sixth sentences of Paragraph 84, Defendants deny those allegations.

85.    The allegations in Paragraph 85 comprise conclusions of law, to which no response is required. Further, to the extent that Plaintiffs purport to characterize the Final Rule, no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents, and otherwise deny the allegations.

86.    Defendants repeat the answers contained in Paragraphs 1 through 85 above, as though fully set forth here in Paragraph 86.

87.    The allegations in Paragraph 87 comprise conclusions of law, to which no response is required.

88.    The allegations in Paragraph 88 comprise conclusions of law, to which no response is required. Further, to the extent that Plaintiffs purport to characterize the statute, no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

89.    The allegations in Paragraph 89 comprise conclusions of law and purport to characterize and quote Chamber of Commerce of the United States v. SEC, 443 F.3d 890 (D.C. Cir. 2006), and Prometheus Radio Project v. FCC, 373 F.2d 372 (3d Cir. 2004), to which no

response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the referenced decisions for full and accurate statements of their contents, and otherwise deny those allegations.

90.     The allegations in Paragraph 90 comprise argument and conclusions of law, to which no response is required.  Further, to the extent that Plaintiffs purport to characterize the Final Rule or the proposed rule, no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule and the proposed rule for full and accurate statements of their contents, and otherwise deny the allegations.

91.     The allegations in the first through third sentences of Paragraph 91 comprise argument and conclusions of law, to which no response is required.  Further, to the extent that Plaintiffs purport to characterize the Final Rule or the proposed rule, no response is required. Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule and the proposed rule for full and accurate statements of their contents, and otherwise deny the allegations.  Defendants admit the allegations of the fourth sentence of paragraph 91.

92.     Insofar as the allegations in the first through third sentences of Paragraph 92 suggest that Defendants deprived commenters of a legal right or entitlement, those allegations comprise argument and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny that they deprived commenters of any entitlement to review the job analyses, but admit that the actual job analyses were not made publicly available.  The allegations in the fourth sentence of Paragraph 92 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

93.     Defendants repeat the answers contained in Paragraphs 1 through 92 above, as though fully set forth here in Paragraph 93.

94.     The allegations in Paragraph 94 comprise conclusions of law, to which no response is required.

95.     The allegations in Paragraph 95 comprise conclusions of law and purport to characterize the Final Rule, to which no response is required.  Insofar as a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents, and otherwise deny the allegations.

96.     The allegations in Paragraph 96 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

97.     The allegations in Paragraph 97 comprise argument, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

98.     The allegations in Paragraph 98 comprise argument, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

99.     Defendants admit the allegations of the first and third sentences of Paragraph 99.  The allegations in the second sentence of Paragraph 99 comprise conclusions of law, to which no response is required.  Insofar as a response is deemed, Defendants deny those allegations.  Defendants deny the allegations in the fourth sentence of Paragraph 99, except Defendants admit that the vacancy announcement provided that the announcement would close at 11:59:59 EDT on the earlier of: (1) May 18, 2007; or (2) the day by which 1,250 completed applications had been submitted to OPM.

24

100.    Defendants deny the allegations in Paragraph 100, except Defendants admit as follows:  (a)  Applicants are required to complete an online assessment questionnaire which is used to determine whether the applicant meets the minimal qualification requirements, including licensure requirements; (b) if those requirements are met, then the applicant's completed Accomplishment Record addressing the six competencies that had been identified as required for successful performance as an ALJ is scored; (c) if the applicant is among the highest group of Accomplishment Record scores, then the applicant would be invited to participate in the Written Demonstration to evaluate the applicant's ability to prepare a clear, concise, and well-reasoned legal decision; (d) the applicant would be required to report for a Structured Interview to be interviewed by a panel of experts; and (e) a final rating is assigned based on a scale of 1-100.

101.    Defendants admit the allegations in Paragraph 101, and further avers as to the third sentence of Paragraph 101 that Defendants' notifications to those individuals on the old register occurred on April 23, 2007.

102.    The allegations in the first sentence of Paragraph 102 comprise argument, vague generalizations, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.  The allegations in the second sentence of Paragraph 102 comprise vague characterizations, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

103.    The allegations in Paragraph 103 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

104.    To the extent that the allegations in Paragraph 104 comprise argument and

25

conclusions of law as to whether any unspecified federal agency attorneys received "advanced notice," no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and need not respond to the characterization of the application process as "time-consuming."

105.    As to the allegations in Paragraph 105, Defendants admit that on May 4, 2007, OPM posted the administrative law judge examination on www.usajobs.gov, OPM's job posting website, and that the announcement closed at midnight on May 9, 2007, in accordance with the vacancy announcement, which provided that the announcement would close at 11:59:59 EDT on the earlier of: (1) May 18, 2007; or (2) the day by which 1,250 completed applications had been submitted to OPM.  Defendants otherwise deny the allegations.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 regarding the qualifications of applicants who submitted applications before midnight on May 9, 2007, but deny that there was only a 72-hour window within which to prepare an application.

108.    The allegations in Paragraph 108 comprise argument, opinion, and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

109.    The allegations in Paragraph 109 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those

allegations.

110.    The allegations in Paragraph 110 comprise argument and conclusions of law, to which no response is required.  Insofar as a response is deemed required, Defendants deny those allegations.

Plaintiffs' prayer for relief contains Plaintiffs' requests for relief, rather than allegations of fact, to which no response is required.  Insofar as a response is deemed required, Defendants deny the allegations contained in these paragraphs (a) - (h) and aver that Plaintiffs are not entitled to any relief.

Any allegation not specifically addressed in the numbered paragraphs is denied.

Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated: March 17, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SUSAN K. RUDY
Assistant Branch Director

OF COUNSEL:

  */s/ Christopher R. Hall*
CHRISTOPHER R. HALL

KERRY B. McTIGUE
General Counsel
KATHIE ANN WHIPPLE
Deputy General Counsel
JULIE FERGUSON QUEEN
Deputy Assistant General Counsel
ANTONIO A. SAN MARTIN, JR.
Senior Policy Counsel
ROBIN M. RICHARDSON
ROBERT J. GIROUARD
Attorneys
Office of the General Counsel
U.S. Office of Personnel Management
1900 E St. NW, Room 7536
Washington, D.C. 20415

(202) 606-1700

JUSTIN M. SANDBERG
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530

(202) 514-4778