IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil No. 07cv00711 (RMC)

### DEFENDANTS' MOTION FOR STAY

Defendants, the United States Office of Personnel Management ("OPM") et al, respectfully move the Court for an order staying this action pending the outcome of a new rule-making proceeding initiated by OPM, the fruition of which may significantly alter the bar licensure requirement that applies to incumbent administrative law judges ("ALJs"), and which lies at the heart of this case.[1]  See generally 5 C.F.R. § 930.204(b) (bar licensure requirement for incumbent ALJs); Third Amended Complaint for Declaratory and Injunctive Relief, Feb. 21, 2008 [Docket No. 20] ("Compl.").  The effect of this rule-making could moot most of Plaintiffs' claims, and at a minimum, would alter the issues to be decided by the Court.  Thus, Defendant's motion should be granted as set forth herein:

---

[1] Pursuant to Local Civil Rule 7.1(m), Defendant's counsel have conferred with Plaintiffs' counsel to determine whether Plaintiffs would consent to or oppose this motion. Initially, Plaintiffs' counsel indicated that he would confer with Plaintiffs, but that a lack of response prior to the filing of this motion should be construed as opposition to the motion. Shortly before filing this motion, and after providing Plaintiffs a draft copy of the motion by electronic mail, Defendants received a response from Plaintiffs indicating opposition to the requested stay.

1. The core of this case is 5 C.F.R. § 930.204(b).  This provision requires that incumbent ALJs, with some exceptions depending on the contours of state bar licensing rules, maintain active law licenses.  5 C.F.R. § 930.204(b).  Plaintiffs' case largely centers on this incumbent licensure requirement.  For example, the first paragraph of their Complaint discusses only this requirement.  Compl. ¶ 1.  The remainder of their Complaint follows this lead.  See Compl., passim.  The only exception is Count 4, which asserts claims on behalf of three would-be applicants for ALJ positions.

2. Circumstances have materially changed since Plaintiffs filed their complaint.  OPM has been reconsidering the licensure requirement as it applies to incumbents, and has initiated a rule-making proceeding.  OPM has sent a significant rule to the Office of Management and Budget ("OMB"), which reviews agency rule-making.  The new rule is now pending in OMB.  If the rule-making proceeds as planned, it would change the now-contested incumbent licensure requirement in a manner that could moot Counts 1 through 3 of Plaintiffs' complaint, or at a minimum, would significantly alter the issues to be decided by the Court.

3. In light of the new rule-making proceeding, a stay of the case in its entirety is appropriate to ensure that the Court and the parties do not unnecessarily expend resources litigating a case that has been overtaken by events.[2]

4. Courts have long-recognized (i) their power to stay cases in view of concurrent agency proceedings and (ii) the benefit of doing so:  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a *stay*

---

[2] Interests of judicial economy also counsel in favor of staying Count 4 to avoid duplicative and piecemeal litigation.

*of an action* before it, pending resolution of independent proceedings which bear on the case. This rule applies whether the separate proceedings are judicial, *administrative*, or arbitral in character, and does not require that such issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (emphasis added).

6.      The case should be stayed until the new rule-making proceeding is complete. OPM will file a notice with the Court once the process is complete, and at that time, the parties can decide whether the case should continue, and if so, how, subject to guidance from the Court if necessary.

Accordingly, OPM requests that the case be stayed pending the outcome of the new rule-making proceeding.

Dated: June 27, 2008                                Respectfully submitted,

                                                    GREGORY G. KATSAS
                                                    Assistant Attorney General

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    SUSAN K. RUDY
                                                    Assistant Branch Director


                                                     /s/ Christopher R. Hall
                                                    CHRISTOPHER R. HALL
                                                    JUSTIN SANDBERG
                                                    Trial Attorneys
                                                    U.S. Department of Justice
                                                    Civil Division
                                                    Federal Programs Branch
                                                    P.O. Box 883
                                                    Washington, D.C.  20530

3

        (202) 514-4778

        <u>Counsel for Defendants</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil No. 07cv00711 (RMC) |

**ORDER**

On the basis of Defendants' Motion for Stay and any opposition thereto, it is hereby ORDERED that Defendants' motion is GRANTED, and this action is STAYED pending the outcome of the referenced Office of Personnel Management rule-making;

SO ORDERED this _____ day of _____, 2008.

_____
Honorable Rosemary M. Collyer
United States District Judge