**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| ASSOCIATION OF ADMINISTRATIVE LAW JUDGES, et al., | ) ) ) |
| Plaintiffs, | ) Case No. 07-0711 (RMC) |
| v. | ) ) |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | ) ) ) |
| Defendants. | ) ) |

---

## PLAINTIFFS' MOTION FOR RULE 37
## SANCTIONS AGAINST DEFENDANTS

### INTRODUCTION

The Plaintiffs, by and through their undersigned counsel, hereby move for Sanctions

under Rule 37(b) of the Federal Rules of Civil Procedure based on Defendants failure to comply

with the Court's Order to produce the Administrative Record.[1]  On April 9, 2008, the Court

entered an Order requiring the Administrative Record to be produced by the Defendants on May

30, 2008.  On Defendants' Motion to extend the deadline for producing the Administrative

Record, the Court issued a subsequent Minute Order requiring the Administrative Record to be

produced on June 27, 2008.  On that date, Defendants filed a Motion to Stay the proceedings.

The Defendants nonetheless ignored the Court's Order and failed to produce the Administrative

---

[1]  In accordance with the Court's Local Rule 7(m), Plaintiffs contacted Defendants' counsel in an attempt to resolve this issue or narrow the issues.  The Plaintiffs requested that Defendants produced the Administrative Record as required by the Scheduling Order. Defendants' counsel stated that the Administrative Record would be produced within a reasonable time after the Motion for Stay was denied.  Defendants' counsel has stated that Defendants will file an opposition to this Motion.

Record.

The Defendants apparently contend that their Motion for Stay somehow relieved them of the requirement to produce the Administrative Record.   Defendants' Motion for Stay in no way is connected to the costs or burden of producing the Administrative Record.  Defendants' tactics should not be countenanced.

## PROCEDURAL BACKGROUND

On March 20, 2007, OPM issued the Final Rule stating that active bar membership was a continuing "condition of employment" for any person serving as a federal ALJ. (Complaint ¶ 41-42).  In other words, ALJs may be removed from their positions by OPM under the guise of the "condition of employment" standard.  This new power of removal would circumvent the longstanding statutory requirement that an agency establish good cause on the record during a hearing with the Merit System Protection Board ("MSPB") prior to the removal of, or other adverse action against, an ALJ. (Complaint ¶ 45).

On April 18, 2007, Plaintiffs filed their initial Complaint in this matter.  The initial Complaint contained Counts I through III challenging the validity of the Final Rule regarding state bar licensure.

On or about May 4, 2007, OPM issued an ALJ Vacancy Announcement and solicited qualified individuals to apply to take the new ALJ exam. (Complaint ¶ 88).  The Defendants filed Amended Complaints, adding an additional Count and protesting OPM's Vacancy Announcement.

After the Court's disposition of Defendant's Motion to Dismiss, the Defendants answered the Plaintiffs' allegations directed at the bar licensure requirement and challenging OPM's

vacancy announcement.

On April 8, 2008, the parties filed competing scheduling orders.  The Plaintiffs sought the right to have routine discovery under the Federal Rules of Civil Procedure.  Defendants' proposed scheduling order did not provide for a discovery plan.  Instead, under Defendants' plan, OPM would simply produce the Administrative Record on May 30, 2008, with a briefing schedule thereafter.  The Court adopted the Defendants' Scheduling Order.  On May 29, 2008, the Defendants filed a Motion to Extend the Deadline for filing the Administrative Record until June 27, 2008.   Although the Plaintiffs requested that the deadline only be extended for two weeks, the Court granted Defendants' Motion.  On May 30, 3008, the Court granted the Defendants' Motion and required the Defendants to produce the Administrative Record no later than June 27, 2008.

Finally, on June 27, 2008, the day the Administrative Record was due under the extended deadline, the Defendants filed their Motion for Stay.  Despite the Defendants having requested the date for the production of the Administrative Record, and this Court having entered an Order requiring its production, the Defendants have failed to produce the Administrative Record.

**ARGUMENT**

By the Court's Minute Order dated May 30, 2008, the Defendants were required to produce the Administrative Record in this case on June 27, 2008.  The Defendants refused to comply with the Court's order.  Instead, the Defendants have only sought to delay the discovery process, first by requesting an extension of the filing deadline one day prior to the original deadline for filing the Administrative Record, and now by filing a Motion for Stay on the day the

Administrative Record was due.  The Defendants should be compelled to produce the

Administrative Record immediately and be sanctioned for their deliberate failure to comply with

this Court's Order pursuant to Rule 37(b)(2) of the Federal Rule of Civil Procedure.

Under Rule 37(b)(2) of the Federal Rule of Civil Procedure, sanctions may be imposed if

a party fails to comply with a court's discovery order.  Federal Rule of Civil Procedure 37(b)(2)

provides in pertinent part:

> If a party or an officer, director, or managing agent of a party ... fails to obey an order
> to provide or permit discovery, ... the court in which the action is pending may make
> such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other
> designated facts shall be taken to be established for the purposes of the action in
> accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated
> claims or defenses, or prohibiting that party from introducing designated matters in
> evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings
> until the order is obeyed, or dismissing the action or proceeding or any part thereof,
> or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as
> a contempt of court the failure to obey any orders except an order to submit to a
> physical or mental examination....

Fed.R.Civ.P. 37(b)(2).  Under Rule 37(b)(2), subsections (A) through (C), sanctions are

"appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad

faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert.*

*denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer*

*Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004) (per curiam).  "Disobedient

conduct not shown to be outside the litigant's control meets this standard." *Fair Housing of Marin*, 285 F.3d at 905.

The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definitive order. The burden then shifts to the contemnors to demonstrate why they were unable to comply. In this case, not only is it evident that the Defendants have violated this Court's Order requiring the production of an Administrative Record on June 27, 2008, the Defendants stated no reason for their failure to comply with this Court's Order except that they will do so if their Motion for Stay is denied. Thus, the Defendants have not made a good faith effort to comply with this Court's Order and have expressed no intention of making a good faith effort unless their Motion for Stay is denied. *See American Rivers v. United States Army Corps of Engineers*, 274 F.Supp.2d 62, 68 (D.D.C. 2003) ("Moving to stay an order does not represent a good faith effort to comply with an order; rather it represents an effort to postpone compliance with that order in the hope it will be overturned on appeal.")

In their Motion for Stay, Defendants rely upon a bald assertion of judicial economy. (Def.'s Mot. for Stay ¶ 3.) That reason cannot apply to Defendants' failure to produce the Administrative Record because the Administrative Record by its very nature was in existence and complied back in March 20, 2007, when the Final Rule was issued. By way of further explanation, Defendants merely state that they are considering proposed changes to the rule at issue, without specifying when the proposed changes will go before the Office of Management and Budget ("OMB"), what proposed changes are before the OMB, or how long the process of review will take. Thus, the Defendants unilaterally and erroneously decided that they were not required to produce responsive documents once they filed their Motion to Stay Discovery (Doc.

No. 39). Pursuant to the Federal Rules of Civil Procedure and the Local Rules, and the Case

Management and Scheduling Order, discovery proceeds without regard to whether a motion to

stay discovery is filed; the rules never state that a motion to stay discovery is self-executing.

*Omega Patents, LLC v. Fortin Auto Radion, Inc.*, 2006 U.S. Dist. LEXIS 49650 (M.D. Fla.

2006). *See also*, *American Rivers*, 274 F.Supp.2d at 68 (D.D.C. 2003).

Here, the Defendants have not produced the Administrative Record as required under the

Court's Minute Order dated May 30, 2008. The Administrative Record, moreover, is a public

record that presumably would be required to be produced under the Freedom of Information Act,

5 U.S.C. § 552. Defendants have not established any justification for their refusal to produce this

information. Further, the timing of Defendants' Motion for Stay, on the very day the

Administrative Record was due, coupled with their previous extension of the due date for

production of the Administrative Record, reflects the dilatory tactics the Defendants have

employed in order to stall the production of the Administrative Record.

The Defendants willful attempt to delay the production of the Administrative Record has

interfered with the disposition of this case, thereby continuing the harm to the Plaintiffs. *See*

*Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 ("Failure to produce documents as

ordered ... is considered sufficient prejudice [to impair the ability to go to trial or to interfere with

the rightful decision of the case]."). While this case remains unresolved, the Plaintiffs and ALJs

must expend their time and money to meet an arbitrary and inappropriate regulation. If they fail

to do so, they face possible sanctions. The Defendants cannot suggest or even hint that they will

suspend or not enforce the Final Rule during their requested stay. Thus, the Plaintiffs will

continue to be harmed by the Final Rule while the Defendants seek to indefinitely delay the discovery process, thereby delaying the resolution of this case.

Therefore, there is clear and convincing evidence that the Defendants are in willful violation of this Court's Order requiring the production of the Administrative Record on June 27, 2008. Accordingly, the imposition of sanctions is appropriate and just to remedy the willful delay of the discovery process.

### <u>CONCLUSION</u>

For the forgoing reasons, Plaintiffs request that the Defendants immediately produce the Administrative Record and that the Defendants be ordered to pay the Plaintiffs' reasonable attorneys' fees and costs associated with this Motion.

Respectfully submitted,

<u>/s/ Robert H. Stropp, Jr.</u>
Robert H. Stropp, Jr. D.C Bar #429737
Richard C. Welch, D.C Bar #485756
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 783-0010
Facsimile: (202) 783-6088
Attorneys for the Plaintiffs

July 15, 2008

———

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, a true and correct copy of the foregoing Rule 37 Motion for Sanctions  was served via the Court's ECF system/electronic mail and by U.S. Mail, first class postage prepaid, on the following:

Christopher Hall
Justin M. Sandberg
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20530

/s/ Richard C. Welch
Richard C. Welch
Attorney for the Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
ASSOCIATION OF ADMINISTRATIVE LAW      )
JUDGES, et al.,                                         )
                                                    )
Plaintiffs,                                          )  Case No. 07-0711 (RMC)
                                                    )
v.                                                   )
                                                    )
UNITED STATES OFFICE OF PERSONNEL     )
MANAGEMENT, et al.,                              )
                                                    )
Defendants.                                          )
_____)


### ORDER

Upon consideration of the Plaintiffs' Motion for Rule 37 Sanctions Against Defendants, it

is this ___ day of _____, 2008, hereby

**ORDERED**, that the Plaintiffs' Motion be, and hereby is, **GRANTED** and **ORDERS**

that the Defendants produce the Administrative Record immediately and that the Defendants pay

all attorneys' fees associated with this unnecessary delay in the discovery process.


                                    _____
                                    Hon. Rosemary M. Collyer
                                    United States District Court Judge